IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARREL RUNDUS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-1823-BD |
| | § | |
| CITY OF DALLAS, ET AL. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Plaintiff Darrel Rundus, by and through his attorney, has filed a motion for review of $17,038.97 in costs taxed in favor of the State Fair of Texas ("SFOT") and $7,513.99 in costs taxed in favor of the City of Dallas ("the City") as the prevailing parties in this civil rights action brought under 42 U.S.C. § 1983.[1] Specifically, plaintiff objects to $160.00 in witness fees and $15,031.86 in copying expenses claimed by SFOT, and $7,513.99 in copying expenses claimed by the City. The issues have been fully briefed by the parties, and the objections are ripe for determination.

A prevailing party in a civil action is entitled to recover its costs unless a federal statute, the federal rules, or the court provides otherwise. *See* FED. R. CIV. P. 54(d)(1). Taxable court costs include: (1) fees paid to the clerk and the marshal; (2) court reporter fees for all or part of a deposition transcript; (3) witness fees and related expenses; (4) printing costs; and (5) fees for copies of papers necessarily obtained for use in the case. *See* 28 U.S.C. §§ 1821 & 1920. A district court

---

[1] The total costs taxed by the clerk were $21,055.67 in favor of SFOT and $10,384.39 in favor of the City. (*See* Docs. #119, 120). Of those costs, plaintiff does not object to $4,016.70 for deposition transcripts, $40.00 for witness fees, and $1,427.10 for copying expenses incurred by SFOT, and $2,870.40 for deposition transcripts incurred by the City. (*See* Jt. Stat. Rep. at 3). In addition, SFOT has agreed to reduce the amount it seeks for copying expenses by $564.50. (*See id.* at 33).

may decline to award statutory costs, but may not award costs outside those categories. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987). Absent a timely objection, costs taxed by the clerk are presumed necessary to the case. *See Kellogg Brown & Root International, Inc. v. Altanmia Commercial Marketing Co., W.W.L.*, No. H-07-2684, 2009 WL 1457632 at *3 (S.D. Tex. May 26, 2009). However, if a party timely objects to the clerk's action, the party seeking costs has the burden of supporting its request with evidence documenting the costs incurred and, if applicable, the necessity of such costs. *Id.*, 2009 WL 1457632 at *3.

The first cost item in dispute is $160.00 in witness fees for four SFOT officers whose depositions were noticed and taken by plaintiff.[2] A prevailing party is entitled to recover witness attendance fees in the amount of $40.00 for each day of testimony. *See* 28 U.S.C §§ 1821(b) & 1920(3); *Keeton v. Wal-Mart Stores, Inc.*, 21 F.Supp.2d 653, 662 (E.D. Tex. 1998). This includes days spent giving deposition testimony. *See* 28 U.S.C. § 1821(a)(1); *West Wind Africa Line, Ltd. v. Corpus Christi Marine Services Co.*, 834 F.2d 1232, 1237 (5th Cir. 1988). Plaintiff objects that SFOT never paid -- nor was it obligated to pay -- a witness fee to its officers who were deposed by plaintiff. However, there is no requirement that the prevailing party actually pay the witness fee in order to recover such costs. *Interstate Contracting Corp. v. City of Dallas*, No. 3-98-CV-2913-M, op. at *6 (N.D. Tex. Oct. 7, 2005) (Kaplan, J.), *citing Vincennes Steel Corp. v. Miller*, 94 F.2d 347, 349 (5th Cir. 1938). Nor is it significant that the witnesses appeared in their official capacities as officers of SFOT. The statute governing the payment of witness fees applies to *all* witnesses, regardless of the capacity in which they testify. *See* 28 U.S.C. § 1821(b); *United Teachers Assoc.*

---

[2] Plaintiff does not object to the $40.00 witness fee claimed by SFOT for the deposition on written questions of Great News Network. (*See* Jt. Stat. Rep. at 3).

*Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 574 (5th Cir. 2005) (prevailing party's corporate representative entitled to statutory attendance fee); *Ezelle v. Bauer Corp.*, 154 F.R.D. 149, 154-55 (S.D. Miss. 1994) (same). Therefore, SFOT may recover $160.00 in statutory witness fees for the four corporate officers deposed by plaintiff.

The court reaches a similar conclusion with respect to most of the copying charges requested by SFOT and the City. Costs of photocopies are recoverable upon proof of necessity. 28 U.S.C. § 1920(4); *see also Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). Although the prevailing party need not "identify every xerox copy made for use in the course of a legal proceeding," there must be some nexus between the costs incurred and the litigation. *See Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991). The costs of copying documents produced to the opposing party during discovery are "necessarily obtained" for use in the litigation and are taxable. *See, e.g. Chambers v. Joseph T. Ryerson & Son, Inc.*, No. 3-05-CV-1533-D, 2007 WL 4302740 at *3-4 (N.D. Tex. Aug. 31, 2007) (Kaplan, J.), *adopted in relevant part*, 2007 WL 4302738 (N.D. Tex. Dec. 10, 2007); *Waggoner v. TransUnion, LLC,* No. 3-02-CV-1494-G, 2003 WL 22838718 at *4 (N.D. Tex. Nov. 24, 2003); *Harris Corp. v. Sanyo North America Corp.*, No. 3-98-CV-2712-M, 2002 WL 356755 at *1, 2 (N.D. Tex. Mar. 4, 2002) (Kaplan, J.); *Hartnett v. Chase Bank of Texas Nat'l Assoc.*, No. 3-98-CV-1061-L, 1999 WL 977757 at *2 (N.D. Tex. Oct. 26, 1999) (Kaplan, J.). However, charges for multiple copies of documents, attorney correspondence, and other such items are not taxable as costs. *See Chambers*, 2007 WL 4302740 at *3, *citing Fogleman*, 920 F.2d at 286.

In this case, plaintiff served more than 100 document requests on each defendant. (*See* Jt. Stat. Rep. at 23-25, 38; Jt. Stat. Rep. App. at 41, ¶ 6). After some negotiation regarding the scope of those requests, SFOT copied tens of thousands of pages of documents and made them available to plaintiff's counsel for inspection. (*See* Jt. Stat. Rep. at 4, 25; *see also* SFOT Cost Bill, Attach. at

6-19). SFOT settled on this course after determining that producing copies of documents would be less disruptive to its business operations than allowing plaintiff's counsel to inspect the originals. (*See* Jt. Stat. Rep. App. at 41, ¶ 6). During the inspection, counsel for SFOT made it known that plaintiff would be charged for any copies produced. (*See* Jt. Stat. Rep. at 5). Plaintiff's counsel objected and arranged for a third-party to copy -- at plaintiff's expense -- 999 pages of documents for further use in the case. (*See id.* at 5, 33). None of the copies made by SFOT, which were produced in lieu of the originals, were taken by plaintiff. (*See id.* at 5). The City also negotiated with plaintiff's counsel regarding the scope of discovery. Ultimately, counsel for the City and plaintiff agreed that the City would produce its responsive documents in an electronic format. (*See id.* at 5-6, 21). The City then arranged for its paper documents to be converted into text-searchable electronic files through a process called "optical character recognition scanning." (*Id.* at 6). After reviewing the City's electronic production, plaintiff's counsel printed, at plaintiff's expense, those files it found necessary for the presentation of his case. (*Id.*).

Plaintiff now argues that the substantial costs incurred by SFOT and the City in responding to his discovery requests are not taxable because defendants failed to produce their original documents for inspection before making any copies or converting any files. (*See id.* at 6, 20). Plaintiff further argues that the copies and electronic files produced for inspection by defendants were made merely for convenience and were not "necessarily obtained" for use in the case because defendants already had the originals in their possession and did not use the copies in defending this action. (*See id.* at 12-13). These arguments are directly contrary to the established principle that documents requested by an opposing party in discovery are "necessarily obtained" for purposes of awarding costs to the prevailing party. *See Chambers*, 2007 WL 4302740 at *4; *Waggoner*, 2003 WL 22838718 at *4. Further, the court is aware of no authority, and plaintiff cites none, that the

federal rules *require* a party to produce original documents in order to satisfy its discovery obligations. To the contrary, decisions addressing the question have found that a party may comply with Rule 34 by producing copies of documents requested in discovery. *See, e.g. Financial Holding Corp. v. Garnac Grain Co.*, No. 89-1033-CV-W-9, 1991 WL 221129 at *3 (W.D. Mo. May 21, 1991) (Rule 34 does not require that parties produce original documents for inspection unless the document request clearly provides for the production of originals). Recent decisions accounting for technological advances in document storage and retrieval have found that scanning documents is "the modern-day equivalent" of "exemplification and copies" of paper. *See, e.g. Brown v. McGraw-Hill Cos., Inc.*, 526 F.Supp.2d 950, 959 (N.D. Iowa 2007), *citing BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005). Thus, defendants are entitled to recover the costs of responding to plaintiff's discovery requests.

Contrary to plaintiff's argument, allowing such costs does not amount to impermissible cost-shifting. A party who elects to respond to a document request by producing copies or electronic files, in lieu of allowing the requesting party to inspect original documents, does so at the risk it will never recover the costs of production. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358, 98 S.Ct. 2380, 2393, 57 L.Ed.2d 253 (1978) ("Under [discovery] rules, the presumption is that the responding party must bear the expense of complying with discovery requests[.]"). Only if the responding party ultimately becomes a "prevailing party" may it recover printing costs and fees for copies of papers necessarily obtained for use in the case. 28 U.S.C. §1920(3) & (4); *Harris*, 2002 WL 356755 at *1. Such is the case here. It is undisputed that the copies of documents and electronic files for which defendants seek recovery were actually produced to plaintiff, and that the documents were responsive to plaintiff's discovery requests. Thus, as the prevailing parties, SFOT and the City are entitled to recover the cost of producing one set of documents, in whatever form, to plaintiff

during discovery. *See Waggoner*, 2003 WL 22838718 at *4; *Neutrino Development Corp. v. Sonosite, Inc.*, No. H-01-2484, 2007 WL 998636 at *4 (S.D. Tex. Mar. 30, 2007) (where electronic data was produced by agreement, in lieu of paper copies, the cost of production was recoverable under 28 U.S.C. § 1920).

However, SFOT is not entitled to recover $300.14 for incidental expenses such as binding, folders, labels, CDs, and DVDs. *See Bank One Texas, N.A. v. Apex Energy, LLC*, No. 3-00-CV-2160-M, 2002 WL 22055 at *2 n.3 (N.D. Tex. Jan. 4, 2002) (Kaplan, J.) (costs incurred for "labeling," "drilling," and "tabs" are not recoverable under the guise of photocopy charges). Nor is the City entitled to recover $2,055.51 for "electronic Bates labeling" or "coding." *Id.* Accordingly, SFOT may recover $14,547.23 of its disputed photocopying expenses, and the City may recover $5,458.48 in photocopying expenses.

## CONCLUSION

Plaintiff's objections to costs taxed in favor of SFOT and the City [Doc. #121] are sustained in part and overruled in part. Consistent with this order, the clerk shall tax $20,191.03 in favor of SFOT and $8,324.88 in favor of the City.

SO ORDERED.

DATED: November 2, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE